IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARTIN JARANOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Court No. |
| ) | |
| INDIANA HARBOR BELT RAILROAD COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES, plaintiff, MARTIN JARANOWSKI, by and through his attorneys, COGAN & POWER, P.C., and complaining of defendant, INDIANA HARBOR BELT RAILROAD COMPANY, and brings this cause of action under the Federal Employers' Liability Act 45 U.S.C. § 51, *et seq.* ("FELA") for the personal injuries and other damages that he sustained on October 26, 2020. In support thereof, the plaintiff respectfully states:

1. On October 26, 2020, the defendant, INDIANA HARBOR BELT RAILROAD COMPANY (hereinafter referred to as "IHB") was a corporation, duly organized and existing under the laws of the State of Indiana.

2. On October 26, 2020, defendant, INDIANA HARBOR BELT RAILROAD COMPANY was doing business as a common carrier for hire, engaged in interstate commerce by rail in various states of the United States, including the State of Indiana.

3. On October 26, 2020, the plaintiff, MARTIN JARANOWSKI, was employed by the IHB as a Conductor.

4. On October 26, 2020, MARTIN JARANOWSKI was working on a crew in a

railroad yard owned and operated by IHB in Indiana commonly referred to as the Michigan Avenue Yard.

5. On October 26, 2020, MARTIN JARANOWSKI sustained personal injuries while performing his assigned duties as a Conductor for the IHB.

6. At the time and place aforesaid, the IHB was a railroad employer, engaged in interstate commerce by rail, and was subject to and governed by the Federal Employers' Liability Act, Title 45 U.S.C. §§ 51-60 ("FELA").

7. Subject matter jurisdiction for plaintiff's injury claim against the IHB exists in this Court under the FELA, which vests jurisdiction in state and federal courts for injuries sustained by railroad employees engaged in interstate commerce. 45 USC §51; 45 USC §56 and 28 USC §1331.

8. Venue for this claim exists in the United States District Court for the Northern District of Indiana, Hammond Division, pursuant to 28 USC §1391(b).

9. At said place and time, as part of plaintiff's employment duties, and in furtherance of IHB business, plaintiff was required to operate a railroad switch in the yard. Plaintiff attempted to operate the switch in the prescribed manner, but said switch failed to operate properly due to it being in a defective and inoperable condition, and thereby caused plaintiff to be injured.

10. Plaintiff was acting at all times alleged herein within the scope of his employment for defendant IHB, and it was defendant's duty to plaintiff to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work; to exercise ordinary care to use reasonably safe methods in its switching operations; to have taken measures to have the switches cleaned out, lubricated and repaired; to have heeded reports and complaints of employees that said switch was in an inoperative condition prior to plaintiff sustaining injury; to have warned plaintiff of the condition of the switch when it had notice of its neglected condition and need of servicing; and to

comply with Code of Federal Regulations, *49 C.F.R. Part 213-Track Safety Standards*, so as to avert injury to plaintiff at said time and place.

11. Defendant IHB, notwithstanding its duties to plaintiff, was careless and negligent in one or more of the following particulars and thereby contributed in whole or in part to cause injuries to plaintiff:

   a. In failing to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work;

   b. In failing to exercise ordinary care by not adopting inspection protocols consistent with the switchstand manufacturer's recommendations;

   c. In failing to adequately inspect the switches it required plaintiff to work with;

   d. In failing to adequately maintain the switches it required plaintiff to work with;

   e. In failing to have taken measures to have said switch cleaned out, lubricated and repaired when it knew or should have known and foreseen that plaintiff would be subjected to jeopardy of injury attempting to operate same;

   f. In failing to heed employee complaints regarding the condition of said switch, and in failing to take remedial measures to correct same;

   g. In failing to warn plaintiff when a timely warning would have averted injury to him; and

   h. In failing to comply with and in violating the Code of Federal Regulations, *Part 213-Track Safety Standards, §213.135 Switches*.

12. At the time and place aforesaid, the plaintiff, MARTIN JARANOWSKI sustained injuries of a personal and pecuniary nature, and sustained other recoverable damages supported by the evidence and permitted by law, all resulting, in whole or in part, from one or more violations by the IHB of the Federal Employers' Liability Act.

13. The IHB is strictly liable for Jaranowski's injuries, without any claim for contributory negligence, due to the IHB's violation of federal safety regulations.

14. In addition to the violation of the FELA, the railroad violated FRA regulations regarding care for injured employees and reporting of employee injuries. As of the date of this complaint, the IHB has failed to report Jaranowski's injury to the FRA.

15. Upon reporting his injury to the IHB, Jaranowski requested medical care at the nearest facility and the IHB refused to transport Jaranowski to the nearest hospital emergency department as he requested. The FRA has previously cited the IHB for multiple violations in regard to employee injuries.

WHEREFORE, the plaintiff seeks judgment against the INDIANA HARBOR BELT RAILROAD COMPANY in an amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages permitted by law.

Respectfully submitted,

By: _____
One of plaintiff's attorneys

Cogan & Power, P.C.
*Attorneys for Plaintiff*
George Brugess
Bradley N. Barker
1 East Wacker Drive, Suite 510
Chicago, IL  60601
(312)477-2500
(312) 477-2501 Fax
gbrugess@coganpower.com
bbarker@coganpower.com