UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARTIN JARANOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-484 |
| ) | |
| INDIANA HARBOR BELT RAILROAD ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Summary Judgment [DE 22] filed by the defendant, Indiana Harbor Belt Railroad Company, on January 31, 2022. For the following reasons, the motion is **GRANTED in part and DENIED in part**.

*Background*

The plaintiff, Martin Jaranowski, initiated this matter on December 30, 2020, against the defendant, Indiana Harbor Belt Railroad Company (IHB), under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, *et seq*.

The plaintiff was employed at IHB's Michigan Avenue Yard, located in East Chicago, Indiana, between August 1999 and October 26, 2020. The plaintiff worked as a conductor with job duties that included operating, or "throwing," manually operated railroad switches.[1]

The switch at issue in this case is a MA 27 switch. The MA 27 Switch is a National 1004 ARS switch style, customarily used by railroads. [DE 23-2]. The switch consists of a strong iron bar or lever with a handle attached to the end that rests in a "switch keeper" when the switch is in

---

[1] The plaintiff had a permanent physical restriction allowing him to lift twenty pounds or less as well as no overhead work.

a fixed position. [DE 23-2].  In order to operate the switch, the handle must be manually moved to either side and firmly latched at a 45-degree angle to maintain the switch points in place. [DE 23-2].

The act of "throwing" a switch requires disengaging the latch on one side with a foot, so that the tension is released, allowing the lever to rise a few inches from the ground. [DE 23-2]. Once the tension is released, the switch is walked over using a consistent, firm, and braced position until the handle reaches a 45-degree position on the other side and is latched. [DE 23-2].

On October 26, 2020, the plaintiff was throwing a switch, as he had done on numerous occasions.  At the conclusion of the movement, he claims that he felt a "strong, instantaneous pain in his neck and arm with tingling in his fingers." [DE 26]. He states that the pain was caused by his operation of a defective switch. The plaintiff was taken to the emergency room where he learned that he had sustained a spinal cord injury.  On December 16, 2020, the plaintiff underwent neck surgery in an attempt to correct the injury.

The plaintiff claims that IHB failed to maintain its switches.  As a result, he filed this lawsuit against IHB claiming that it violated FELA as well as several Federal Railroad Administration (FRA) Track Safety Standards: 49 C.F.R. §§213.5(a); 213.37(c); 213.133(a); 213.135(e); and 213.233(b) and (d).

IHB has moved for summary judgment on all claims arguing that under FELA, a plaintiff can recover only if the railroad knew or, by the exercise of ordinary care, should have known of the defective condition of the switch in sufficient time to have corrected it before the plaintiff's injury.  Therefore, IHB claims that the plaintiff cannot meet his burden of proving that IHB had either actual or constructive knowledge of a defect, entitling it to judgment as a matter of law. The plaintiff responded in opposition on February 28, 2022.  While IHB failed to address the

2

alleged FRA violations in its motion, it did briefly discuss them in its reply, arguing that, again, it did not have notice of the claimed violations.[2]

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 56(a)**, summary judgment is proper only if it is demonstrated that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  **Celotex Corp. v. Catrett**, 477 U.S. 317, 322–23 (1986); **Garofalo v. Vill. of Hazel Crest**, 754 F.3d 428, 430 (7th Cir. 2014); **Kidwell v. Eisenhauer**, 679 F.3d 957, 964 (7th Cir. 2012); **Stephens v. Erickson**, 569 F.3d 779, 786 (7th Cir. 2009).  A fact is material if it is outcome determinative under applicable law.  The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party.  **Adickes v. S.H. Kress & Co.**, 398 U.S. 144, 160 (1970); **Stephens**, 569 F.3d at 786.

When the movant has met its burden, the opposing party cannot rely solely on the allegations in the pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in [her] favor."  **Marr v. Bank of America, N.A.**, 662 F.3d 963, 966 (7th Cir. 2011); *see also* **Steen v. Myers**, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting **Hammel v. Eau Galle Cheese Factory**, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")).  The non-moving party cannot rely on conclusory allegations.  **Smith v. Shawnee**

---

[2] IHB failed to address the FRA violations in its Motion for Summary Judgment [DE 22] or the supporting brief [DE 23], therefore, the court considers those issues waived. *See* **Hernandez v. Cook County Sheriff's Office**, 634 F.3d 906, 913 (7th Cir. 2011) (internal quotations and citations omitted) (finding that "[i]t is well established in our precedents that skeletal arguments may be properly treated as waived, as may arguments made for the first time in reply briefs").

*Library System*, 60 F.3d 317, 320 (7th Cir. 1995).  Failure to prove an essential element of the alleged activity will render other facts immaterial.  *Celotex*, 477 U.S. at 323; *Filippo v. Lee Publications, Inc.*, 485 F. Supp. 2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; she must come forward with specific facts showing a genuine issue for trial").

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764-65 (7th Cir. 2014).  The trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.  *Anderson*, 477 U.S. at 248; *Cung Hnin v. Toa, LLC*, 751 F.3d 499, 504 (7th Cir. 2014); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

Under FELA:

> "Every common carrier by railroad while engaging in commerce between any of the several states … shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, … for such injury or death resulting in whole or in part from the negligence of any of its officers, agents, or employees of such carrier, or by reason of any defect or insufficiency …"

**45 U.S.C. § 51**. In order to prevail on a FELA claim, "a plaintiff must prove the traditional common law elements of negligence, including foreseeability, duty, breach, and causation." *Abernathy v. Eastern Illinois Railroad Company*, 940 F.3d 982, 988 (7th Cir. 2019) (internal quotations omitted). However, "a plaintiff's burden when suing under FELA is significantly lighter than in an ordinary negligence case." *Abernathy*, 940 F.3d at 988.  The Supreme Court had held that a railroad is liable where the "employer['s] negligence played any part, even the slightest, in producing injury." *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 506

4

(1957).

IHB only challenges the foreseeability element in this case. It argues that the plaintiff can recover only if he can prove that IHB had notice of the defective condition of the switch either actually or constructively. IHB claims that the plaintiff does not have evidence to prove either type of notice. It is undisputed that it was within the plaintiff's job duties to throw switches at the East Chicago Railyard, that he had thrown several switches, including MA 27 switches, prior to October 26, 2020, and that he inspected the MA 27 switch prior to operating it as IHB policies required him to do. The plaintiff testified that following his inspection of the switch, but before operating it, he did not "have any knowledge that it was defective" and that "if [he] knew it was defective, [he] wouldn't have operated it." Additionally, he testified that he "d[id] not have any knowledge or proof that [IHB] …knew [the switch was defective] before [he] operated the switch," on October 26, 2020.

As stated above, the burden of proof in a FELA case is lesser than in a standard negligence case. For example, "a plaintiff must show that the employer had actual or constructive notice of potential harm," but he "does not need to show that the [employer] could have foreseen the particular consequences of its negligence" rather, "he need[s] to show only that a particular condition ... would or might result in any type of mishap and injury." ***Abernathy***, 940 F.3d at 990; *see also* ***CSX Transp., Inc. v. McBride***, 564 U.S. 685, 703-04 (2011) (internal quotations omitted) (holding that the railroad "is answerable in damages even if the extent of the [injury] or the manner in which it occurred was not probable or foreseeable").

The plaintiff claims that IHB's understanding of the foreseeability element in a FELA case is flawed. He argues that IHB is incorrect when it states that he must show that IHB knew or should have known of the specific defect in the specific switch that caused his injury. Rather,

the plaintiff states that there is sufficient evidence for a finding of foreseeability if there is evidence that the railroad was negligent and that the negligence played any part, however slight, in causing the plaintiff's injury. He further argues that FELA does not require a railroad to know of the specific injury-causing instrumentality, it is sufficient that, in general, a reasonable person could foresee the possibility of the injury.

Just because the specific injury or exactly how the injury was sustained does not have to be foreseeable under FELA, IHB still had to have notice of the defect in the switch for it to be held liable. In fact, in his brief, the plaintiff cites to *Abernathy*, 940 F.3d at 982, and states that the plaintiff there "needed to show only that 'a particular condition' – here, the absence of appropriate equipment – 'would or might result in' and type of mishap and injury."  Therefore, the plaintiff still must show that IHB had notice that the MA 27 switch that he operated on October 26, 2020, was defective.

As discussed above, IHB claims that it had no notice of the alleged defect in the switch and that the plaintiff testified that after his inspection of the switch, he did not think it was defective nor did he know of any evidence that would prove that IHB knew of a defect.  The plaintiff also testified that he had a right to refuse to perform work that he believed to be unsafe and that if he knew the switch was defective, he would not have operated it that day. Now, the plaintiff argues that there is evidence that shows IHB knew or should of known the switch was defective.  He claims that a bush was growing between the switch points, that he testified that the switch bound up as he operated it, and that his expert's explanation of the reason for the defect in the switch is sufficient to create a jury issue.

The plaintiff's claimed evidence is not sufficient to create a jury issue. First, his testimony that the switch bound up as he operated it is irrelevant to the issue of notice.  The

question is what occurred before, not during the incident. Similarly, the expert's testimony of the reason for the defect does not support notice of the alleged defect.  Lastly, the plaintiff's testimony during his deposition contradicts his claim now that the vegetation was a source of notice to IHB.  He testified that he "checked the points, ma[d]e sure there [was] no debris, grabbed a handle, ma[d]e sure [he] c[ould] feel no tension on it, operate[d] the keeper, [and] walk[ed] it over." He stated that he "ma[d]e sure [that] there [was] no large debris in the points. At the time, [he] didn't see nothing in the points, a few trees growing in the gauge of the rail," but "they weren't by the points, they were just in the gauge of the rail, leaves." If the bush growing between the switch points did not put the plaintiff on notice when he inspected the switch prior to operating it, which he confirmed again during his deposition, it is reasonable to conclude that IHB would not have had notice of the vegetation prior to October 26, 2020.

Since the plaintiff cannot prove that IHB had notice of the alleged defect in the switch, the plaintiff's negligence claim fails. However, since IHB waived any argument regarding the FRA violations, those claims remain.

Based on the foregoing reasons, the Motion for Summary Judgment [DE 22] is **GRANTED in part and DENIED in part.** The plaintiff's negligence claim under FELA is hereby **DISMISSED**.

ENTERED this 8th day of June, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge