UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARTIN JARANOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-484 |
| | ) |
| INDIANA HARBOR BELT RAILROAD COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Reconsideration [DE 36] filed by the defendant, Indiana Harbor Belt Railroad Company, on June 20, 2022.  For the following reasons, the motion is **GRANTED**.

*Background*

The plaintiff, Martin Jaranowski, initiated this matter on December 30, 2020, against the defendant, Indiana Harbor Belt Railroad Company (IHB), under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, *et seq*. Specifically, the plaintiff claims that IHB failed to maintain its railroad switches.  As a result, he filed this lawsuit against IHB claiming that it violated FELA as well as several Federal Railroad Administration (FRA) Track Safety Standards (hereinafter referred to as "Track Safety Standards"): 49 C.F.R. §§213.5(a); 213.37(c); 213.133(a); 213.135(e); and 213.233(b) and (d).

IHB moved for summary judgment on all claims arguing that under FELA, a plaintiff could recover only if the railroad knew or, by the exercise of ordinary care, should have known of the defective condition of the switch in sufficient time to have corrected it before the plaintiff's injury.  IHB claimed, and the court agreed, that the plaintiff could not prove that IHB

had either actual or constructive notice of the alleged defect and therefore summary judgment was granted in favor of IHB as to the FELA negligence claim. However, the court denied the IHB's motion as to the alleged violations of the Track Safety Standards, finding that IHB had waived that argument for failing to raise it in its motion or supporting brief. [1]

On June 20, 2022, IHB filed the instant motion asking the court to reconsider its denial of summary judgment as to the alleged Safety Standard violations for two reasons. First, IHB claims that there is no private right of action to enforce Track Safety Standard violations and, second, that since the court already found that it did not have notice of the alleged defects in the switch, causing the negligence claim to fail, the claims for the Track Safety Standard violations fail also. With the arguments presented here, IHB is asking the court to address an argument not raised in the initial motion for summary judgment and an argument that the court has already found waived.

*Discussion*

As an initial matter, the grounds upon which IHB has moved for reconsideration are wholly improper.[2] *See* **Shoun v. Best Formed Plastics, Inc.**, 28 F.Supp.3d 786, 791 (N.D. Ind. June 23, 2014) (*citing* **U.S. v. Ligas**, 549 F.3d 497, 501 (7th Cir. 2008) (holding that reconsideration is proper "when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's argument, or when the court overreaches by deciding an issue not properly before it")). Normally, the court

---

[1] IHB failed to address the Track Safety Standard violations in its Motion for Summary Judgment [DE 22] or the supporting brief [DE 23]. Raising a new argument in a reply is treated as a waived argument. *See* **Hernandez v. Cook County Sheriff's Office**, 634 F.3d 906, 913 (7th Cir. 2011) (internal quotations and citations omitted) (finding that "[i]t is well established in our precedents that skeletal arguments may be properly treated as waived, as may arguments made for the first time in reply briefs").

[2] IHB admits that it failed to address the regulatory issue in its summary judgment opening brief. *See* [DE 36 at pg. 2, DE 41 at pg. 1].

would end its consideration of the motion here but since the arguments IHB has raised will likely reappear in the later stages of this case, the court finds it necessary to address them now.

IHB's assertion that the plaintiff's claims involving Track Safety Standard violations cannot stand alone because there is no private right action to enforce regulations issued under the Federal Railroad Safety Act (FRSA) is troubling. First, the plaintiff's complaint does not reference the FRSA, let alone allege violations of it. Second, IHB cites only nonbinding cases, including *Abate v. S. Pac. Transp. Co.*, 928 F.2d 167, 169 (5th Cir. 1991), to support the notion that the FRSA does not extend enforcement ability to private individuals. *See Abate*, 928 F.2d at 170 (finding that "the structure of the FRSA indicates that Congress intended to give federal agencies, not private persons, the sole power of enforcement"). However, IHB, perhaps conveniently, failed to acknowledge that the Fifth Circuit went on to explain that Supreme Court has held that the FRSA does not provide a private cause of action, "partly because other sections of the same act expressly provide[] for private remedies." *Abate*, 928 F.2d at 170 (internal citations omitted). Similarly, the Seventh Circuit had held that the Locomotive Inspection Act, like the FRSA, "does not create a right to sue but merely establishes a safety standard [] [and] the failure to comply with that standard is negligence *per se* under the FELA." *Coffey v. Northeast Illinois Regional Commuter R. Corp. (METRA)*, 479 F.3d 472, 477 (7th Cir. 2007). Nonetheless, as stated above, the plaintiff is not alleging that IHB violated the FRSA.

Next, IHB argues that the Track Safety Standard violations fail as a matter of law since this court already has determined that it did not have sufficient notice of the alleged defects in the switch. Specifically, IHB claims that notice is a requirement, not only for a standard FELA negligence claim but also for Track Safety Standard violations. The plaintiff argues that IHB has misstated the law and that the Track Safety Standard violations are to be governed by negligence

per se, or strict liability, and therefore whether IHB had notice of the defects is irrelevant.

The plaintiff has pled that IHB violated several Track Safety Standards that regulate vegetation, turnouts and track crossings, switches, and track inspections.  FELA "applies to every common carrier by railroad while engaging in commerce between any of the several [s]tates." ***Damon v. Grand Trunk Western R.R., Inc.***, 2006 WL 2699736, at *1 (N.D. Ind. Sept. 19, 2006) (internal quotations omitted). The Seventh Circuit interprets the Supreme Court's holding in ***Kernan v. American Dredging Co***., 355 U.S. 426 (1958) as "establish[ing] a bright-line rule that a FELA employer's violation of a statutory or regulatory duty gives rise to FELA liability for a resulting employee injury, regardless of whether the statute was meant to protect against the particular harm sustained by the employee." See ***Schmitz v. Canadian Pacific Ry. Co.***, 454 F.3d 678, 683 (7th Cir. 2006). Therefore, "[i]n an action brought under the FELA, the violation of a statute or regulation … automatically constitutes a breach of the employer's duty and negligence *per se* and will result in liability of the violation contributed in fact to the plaintiff's injury." ***Damon***, 2006 WL 2699736, at *1 (*citing* ***Walden v. Illinois Cent. Gulf R.R.***, 975 F.2d 361, 364 (7th Cir. 1992)); ***Schmitz***, 454 F.3d at 683.  However, the Seventh Circuit has since explained that "FELA imposes strict liability on railroad carriers who violate *certain* statutes …" ***Lynch v. Northeast Regional Commuter R.R. Corp.***, 700 F.3d 906, 911 (7th Cir. 2012) (emphasis added).

"Unlike violations of other [] [FRA] regulations that create strict liability when violated, track maintenance regulations require that a railroad have knowledge before it is liable for track maintenance failures." ***Boyd v. CSX Transportation, Inc.***, 2011 WL 854350, at *9 (March 7, 2011) (*citing* **49 C.F.R. § 213.5(a)**). "This knowledge standard is unique to the [Track Safety Standards] …" **63 Fed. Reg. 33,995** (June 22, 1998).  The purpose of requiring knowledge is

"founded on the notion that railroads cannot prevent the occurrence of some defects in track structures that are continually changing in response to the loads imposed on them by traffic and effects of weather. Many defects may not be detected even when the track owner exercises reasonable care. Therefore, track owners should be held responsible only for those defects about which they know or should know." **63 Fed. Reg. 33,995.**

As explained above, notice, or knowledge, of an alleged defect is required in order for a Track Safety Standard to be considered violated.  The plaintiff has argued that there was notice in his response to the instant motion.  Rather, he has focused on the fact that notice is not required for a violation of the Track Safety Standards to occur. Due to the fact that notice is required, and the plaintiff's failure to present evidence showing that IHB did have knowledge of the alleged defects, the plaintiff's Track Safety Standard claims fail.

The court does want to highlight that IHB, arguably, could have had notice of the vegetation growing between the switch points, a violation of 49 C.F.R. § 213.37(c), based on the picture taken after the plaintiff's injury [DE 26 at pg. 13].  However, the plaintiff's own testimony contradicts that. The court explained this in its previous Order:

> [T]he plaintiff's testimony during his deposition contradicts his claim now that the vegetation was a source of notice to IHB.  He testified that he "checked the points, ma[d]e sure there [was] no debris, grabbed a handle, ma[d]e sure [he] c[ould] feel no tension on it, operate[d] the keeper, [and] walk[ed] it over."  He stated that he "ma[d]e sure [that] there [was] no large debris in the points.  At the time, [he] didn't see nothing in the points, a few trees growing in the gauge of the rail," but "they weren't by the points, they were just in the gauge of the rail, leaves." If the bush growing between the switch points did not put the plaintiff on notice when he inspected the switch prior to operating it, which he confirmed again during his deposition, it is reasonable to conclude that IHB would not have had notice of the vegetation prior to October 26, 2020.

[DE 33 at pg. 5].

5

Based on the foregoing reasons, the Motion for Reconsideration [DE 36] is **GRANTED**, and IHB's Motion for Summary Judgment [DE 22] is **GRANTED**. This case is now closed.

ENTERED this 2nd day of August, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge